**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 13-4358

————————

CARLOS MUHAMMAD,
Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT SOMERSET SCI; DAVID L. ONSTEAD, Unit Manager; SGT. L.
MYERS-SMITH, C.O.; KEYSER, CO.; I. LICHTENFELS

————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 13-cv-00085)
District Judge: Honorable Kim R. Gibson

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2015
Before: FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: August 6, 2015)

————————

OPINION[*]

————————

PER CURIAM

———————————

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Carlos Muhammad, a Pennsylvania prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania granting a motion to dismiss his civil rights action. For the reasons that follow, we will affirm.

Muhammad filed a complaint against prison officials and staff alleging that his cellmate, Gordon Davis, repeatedly violated the prison's non-smoking policy and threatened him with bodily harm. He averred that Officer Keyser heard the threats and did nothing. Muhammad filed grievances complaining about Davis' smoking and threats, but stated that he "received no positive response." On September 20, 2011, Davis allegedly spoke with Sergeant Myers-Smith. Davis then asked Muhammad why he told Sergeant Myers-Smith that he was smoking in the cell. Davis then assaulted Muhammad.

Muhammad alleged that Sergeant Myers-Smith and Officer Lichtenfels heard his conversation with Davis, and that Officers Lichtenfels and Keyser intervened. Muhammad needed three stitches. He alleged that a hearing officer found him guilty of fighting back based on the false testimony of prison staff and sanctioned him to 60 days of confinement in the Restricted Housing Unit ("RHU"). Muhammad alleged that he was later exonerated and that Davis was found solely responsible for the assault.

Muhammad claimed that the assault was caused by the negligence of Sergeant Myers-Smith and the other defendants, who also violated his Eighth Amendment and due process rights. Muhammad asserted that Sergeant Myers-Smith disregarded his complaints about Davis, told Davis that he had complained about his smoking, and thereby exposed him to a substantial risk of harm. He asserted that Sergeant Myers-

2

Smith and Officer Lichtenfels knew an altercation would transpire because they were listening to his conversation with Davis.

Sergeant Myers-Smith and Officers Keyser and Lichtenfels moved to dismiss the complaint for failure to exhaust administrative remedies.[1] The defendants submitted copies of Muhammad's grievance related to the September 20, 2011 assault, the grievance coordinator's denial of the grievance as untimely and without merit, Muhammad's appeal to the Superintendent, and the Superintendent's response upholding the response of the grievance coordinator. The defendants also submitted a grievance officer's affidavit attesting that Muhammad did not appeal the Superintendent's response to the Secretary's Office, the final level of administrative review.

The District Court adopted the Magistrate Judge's report and recommendation to grant the defendants' motion to dismiss the complaint. Based on the documents submitted, the District Court concluded that Muhammad had procedurally defaulted his claims by failing to properly exhaust his administrative remedies. The District Court found, among other things, that Muhammad's first level grievance was untimely and that he did not submit a final level appeal. Thereafter, the District Court received Muhammad's objections to the Magistrate Judge's report and/or response to the motion

---

[1]Muhammad also named Gerald Wetzel, John Rozum, and David Onstead as defendants. The District Court adopted the Magistrate Judge's recommendation to dismiss Muhammad's claims against these defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) because they were sued solely in their supervisory capacities. Muhammad does not challenge this ruling in his brief on appeal.

to dismiss. The District Court reached the same decision after review of Muhammad's filing. Muhammad now appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009).

The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before bringing an action regarding prison conditions. 42 U.S.C. § 1997e(a); Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013). Failure to exhaust is an affirmative defense that the defendant must plead and prove. Small, 728 F.3d at 268. Under § 1997e(a), a prisoner must properly exhaust such remedies by complying with the prison grievance system's procedural rules. Woodford v. Ngo, 548 U.S. 81, 93-95 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). The record reflects that Muhammad's grievance was found untimely and without merit, and that Muhammad did not file a final level appeal.

Muhammad argues on appeal that the PLRA's exhaustion requirements were satisfied because he contacted the police regarding the assault and, as a result, his claim became a "Commonwealth matter." Appellant's Br. at 3. This argument lacks merit. Muhammad does not otherwise challenge the District Court's ruling that he did not properly exhaust his administrative remedies.[2]

---

[2]Muhammad does not challenge the District Court's conclusion that it was unnecessary to convert the motion to dismiss to a summary judgment motion to decide the question of exhaustion and we thus do not consider this issue.

4

Muhammad also contends that the District Court erred in finding his objections to the Magistrate Judge's report untimely. The record reflects, however, that the District Court considered Muhammad's objections. After the District Court adopted the Magistrate Judge's report, the District Court issued another Memorandum Order stating that the objections did not change its decision.

Finally, Muhammad asserts in his brief that the defendants violated his due process rights by housing him in the RHU when he was not guilty of fighting.[3] To the extent Muhammad's complaint can be construed as raising such a claim, Muhammad does not state a claim for violation of his due process rights based on his confinement in the RHU. See Sandin v. Conner, 515 U.S. 472, 485 (1995) (discipline in segregated confinement did not present type of atypical, significant deprivation creating a liberty interest).

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3]Muhammad initially alleged in his complaint that he was sanctioned to 60 days in the RHU, but he states in his brief that he was confined there for 30 days.

[4]Muhammad's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).